insurance to the extent of $1,500.  There was another policy issued by the German American Insurance Co. upon the same property, dated upon the same day, to the amount of $1,750. On the 13th day of March, 1882, appellee procured a policy in the Hamburg Magdeburg Fire Insurance Company upon the same property for the sum of $1,000.  These three policies were all existing and uncanceled up to the destruction of the property insured, which occurred upon the 16th day of April, 1882.  Procuring these policies in excess of the amount allowed was clearly a violation of the policy issued by appellant, and would render it void unless waived.  As to the policy existing at the time, the court does not feel warranted in ignoring the finding of the jury, that there had been a waiver, but the court finds no evidence even tending to show that appellant or its agent ever knew of the existence of the policy issued in March, 1882, until after the destruction of the fire.  No waiver being shown, the procuring of such policy was a violation of the conditions of the one sued upon. Counsel for appellee assumes in his argument the existence of the Hamburg Magdeburg policy at the date of the one sued upon, and as it may be possible that this record does not disclose the true state of facts concerning it, the cause is remanded.  Reversed and remanded.  Opinion by CONGER, J. Judge below, J. A. CREIGHTON.  Attorneys, for appellant, Messrs. PALMER, ROBINSON & SHUTT; for appellee, Messrs. BRADLEY & BRADLEY.  Opinion filed Feb. 25, 1886.

FOURTH DISTRICT.

No. 20.  The People, etc., v. Joseph L. Miller et al.  The error assigned is setting aside default against defendants below. The affidavits, read on behalf of defendants in error in support of the motion to set aside the default, are not preserved by a bill of exceptions, and not being a part of the record are not properly before the court for consideration.  If, however, in deciding this case the court could with propriety and in accordance with its practice examine and consider the affidavits copied by the clerk of the circuit court in the transcript of the record and commented upon by counsel for plaintiff in error in his brief, the court would feel inclined to hold them

sufficient to justify the action of the court below in sustaining said motion and in setting aside the default upon payment of costs. Affirmed. Opinion by GREEN, J. Judge below, R. W. McCARTNEY. Attorneys, for plaintiff in error, Mr. D. W. KARRAKER; for defendants in error, Mr. W. S. DAY. Opinion filed April 15, 1886.

No. 5. Continental Fire Insurance Co. of New York v. Jesse H. Herd. The bill of exceptions does not purport to contain all the evidence introduced on the trial of the cause; the court is thus deprived of the necessary information to enab'e it to decide the case upon the errors assigned, and the judgment is affirmed. Opinion PER CURIAM. Judge below, DANIEL M. BROWNING. Attorneys, for appellant, Messrs. MOYER & SMITH; for appellee, Mr. W. B. FLANNIGAN and Mr. W. H. WILLIAMS. Opinion filed April 15, 1886.

No. 19. Smart v. Coke. This was a trial of the rights of property originating before a justice of the peace and appealed to the Circuit Court of Williamson county by appellant, in which judgment was again rendered against her and she brings the case here. It is shown by the evidence, that on the 8th day of June, 1885, T. E. Cagle, constable, levied on "one tramway engine, one tramway lumber car, one heading and shingle mill and all the appurtenances belonging to said engine, car and mill," as the property of William Smart on an execution in favor of appellee, David Coke. On the twelfth day of the same month appellant, who is the wife of William Smart, gave notice in writing that she claimed the property levied upon, and both trials were had under the statute providing for the trial of rights of property before justices of the peace. This judgment is reversed because the evidence does not support the verdict and because the instruction numbered thirteen, given on behalf of appellee, is erroneous. Both seem to ignore the fact that there was other property than the engine involved in the case. The evidence of appellant is positive as to her ownership of the lumber car and heading and shingle mill, and she is wholly uncontradicted. The judgment, however, is against her for all the property, and a complete indemnity to the constable to sell it for the debt of her husband: Sec. 103, Ch. 70, R. S. The verdict was therefore manifestly against the evidence, and should have been set